**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JOSE HERNANDEZ QUIJANO,<br><br>*Plaintiffs*<br><br>v.<br><br>COMMONWEALTH OF PUERTO RICO, et al.<br><br>*Defendants* | CIV. NO. 13-1423 (PG) |

**ORDER**

    On June 3, 2013 José Hernández Quijano ("Hernández"), a pro se plaintiff, filed a Complaint[1] before this Court against the Commonwealth of Puerto Rico; the Judicial Branch of the Commonwealth of Puerto Rico; the Honorable Federico Hernández Denton ("Hernández-Denton"),Chief Justice of the Puerto Rico Supreme Court, the Secretary of Justice of the Commonwealth of Puerto Rico; the Secretary of State of the Commonwealth of Puerto Rico; the Police Superintendent and the Department of Family of the Commonwealth of Puerto Rico for violation of his civil rights. See Docket No. 1. Despite some difficulty in deciphering the allegations of the Complaint, the Court could gather that plaintiff, in essence, claims that defendants discriminate against him on an on-going basis and that he has suffered damages because there is "corruption in the State court system." See Docket No. 1.

    Scarcely two months after filing the Complaint and without having served process on defendants, plaintiff filed a Motion requesting that the case be transferred to Orlando, Florida. See Docket No. 4. On August 27, 2013 plaintiff filed another highly confusing motion whereby he alleges that he is suing the Judicial Branch of Puerto Rico for $35 million in damages on the basis of violation of his civil rights. See Docket No. 5. He further adduces that the Court of First Instance, Arecibo section, "fabricated" a case against him for unlawful appropriation for which he was convicted to three years' probation and ultimately caused him to file for bankruptcy. Id. Plaintiff also seems to make claims against several attorneys but the reason for such claims is

---

[1] The Complaint is written in Spanish.

Civil No. 13-1423 (PG)                                                Page 2

not clear. Id.

On August 30, 2013 plaintiff filed an Amended Complaint. See Docket No. 6. In his pleading, plaintiff reiterates that defendants have been violating his civil rights "for years" and points to several civil cases as evidence to such violations yet does not mention what is the basis for his claims.

After thoroughly reviewing the oft confounding documents filed by plaintiff, the Court is convinced that dismissal for failure to state a claim pursuant to Fed.R.Civ.P 12(b)(6) is proper.

## I. STANDARD OF REVIEW

In determining whether dismissal of a complaint is appropriate pursuant to Rule 12(b)(1) or 12(b)(6), the court must keep in mind that "[t]he general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief… this short and plain statement need only give the defendant fair notice of what the… claim is and the grounds upon which it rests." Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (internal citations and quotation marks omitted). Nevertheless, "even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has… held that to survive a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 559 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 556). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level… on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (internal citations and quotation marks omitted). "Determining whether a complaint states a plausible claim for relief will… be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

When evaluating the plausibility of a legal claim, a court may not "attempt to forecast a plaintiff's likelihood of success on the merits; a

well-pleaded complaint may proceed even if… a recovery is very remote and unlikely." Ocasio-Hernández v. Fortuño-Buset, 640 F.3d 1, 12-13 (1st Cir. 2011) (citing Twombly, 550 U.S. at 556). Thus, "[t]he relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." Ocasio-Hernández, 640 F.3d at 13.

   Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded. See Brown v. Rhode Island, 511 Fed.Appx.4 (1st Cir. 2013) (citing Chute v. Walker, 281 F.3d 314, 319 (1st Cir.2002); Street v. Fair, 918 F.2d 269, 272–73 (1st Cir.1990) (per curiam)). However, sua sponte dismissal may stand if it is "crystal clear that ... amending the complaint would be futile," i.e., if the complaint is "patently meritless and beyond all hope of redemption." See Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir.2001). Where it is patently obvious that a pro se plaintiff cannot prevail on the facts alleged in the complaint, the court's sua sponte dismissal for failure to state a claim is appropriate. Baker v. Director, U.S. Parole,916 F.2d 725 (D.C. Cir. 1990).

## II. DISCUSSION

   In this case, even taking the allegations in the Complaint in the light most favorable to the plaintiff, it is patently clear that the claims are meritless. Plaintiff does not state the grounds for his claims other than noting that the Judicial Branch and the Hon. Hernández Denton have violated his civil rights. In light of the *Iqbal* ruling, those bare allegations are too conclusory to be "entitled to the assumption of truth." Iqbal, 129 S.Ct. at 1951. As to the Secretary of Justice of the Commonwealth of Puerto Rico, the Secretary of State of the Commonwealth of Puerto Rico, the Police Superintendent and the Department of Family, there is not a single allegation in the Complaint that sheds light into why plaintiff included them as parties to this action.

   Even bypassing the fact that plaintiff does not put forth even a plausible entitlement to relief, it is clear that the deficiencies of the complaint cannot be cured by amendment. Neither the Judicial Branch nor the Chief Justice of the Puerto Rico Supreme Court in his official capacity are subject to suit for damages under §1983. See *e.g.,* Goldstein

v. Galvin, 719 F.3d 16 (1st Cir.) [Absolute immunity applies to judges performing judicial acts within their jurisdiction.]; Will v. Michigan Dep't of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) [Federal civil rights statute does not provide federal forum for litigants who seek remedy against the state for alleged deprivations of civil liberties.]

Hence, even if taken in the light most favorable to plaintiff, the conclusory allegations of the Complaint do not raise a viable claim against defendants. Moreover, even if that weren't the case, the plaintiff cannot prevail on the facts alleged against defendants. In such a scenario, sua sponte dismissal of plaintiff's allegations is appropriate.

### III. CONCLUSION

Based on the foregoing, the Court DISMISSES the action WITH PREJUDICE for plaintiff's failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, October 28, 2013.

*s/ Juan M. Pérez-Giménez*
**JUAN M. PEREZ-GIMENEZ**
**SENIOR U.S. DISTRICT JUDGE**